IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STABLER COMPANIES INC., ASTI TRANSPORTATION SYSTEMS, INC., PRECISION SOLAR CONTROLS INC., and PROTECTION SERVICES INC.<br><br>Plaintiffs,<br><br>v.<br><br>THE SCIENTEX CORPORATION,<br><br>Defendant. | C.A. No.<br><br>Jury Trial Demanded |

**COMPLAINT**

Stabler Companies, Inc., ASTI Transportation Systems Inc., Precision Solar Controls Inc., and Protection Services Inc. ("Stabler et al.")(collectively "Plaintiffs"), by and through their counsel, RatnerPrestia, bring this action for a declaratory judgment that: (1) Stabler et al. has neither directly infringed the claims of United States Patent 6,064,318 (hereinafter the "'318 patent") nor contributed to or induced such infringement by another, and (2) any claims of the '318 patent alleged that read on any product of Stabler et al. are invalid, and that the '318 patent is unenforceable. In support of this complaint, Stabler et al. alleges and states as follows:

**THE PLAINTIFFS**

1. Stabler Companies Inc. ("Stabler") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and maintains its principal place of business at 635 Lucknow Road, Harrisburg, PA 17110-1635. Stabler is the parent corporation of the other Plaintiffs to this litigation, all of whom have various roles in the design, manufacture, sale, installation and maintenance of an intelligent traffic control

(ITC) system, comprising portable roadside traffic sensors and variable message boards in communication with a central computer, in competition with the defendant.

2. ASTI Transportation Systems Inc. ("ASTI"), a wholly owned subsidiary of Stabler, is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 18 Blevins Drive, New Castle, Delaware 19720. ASTI designs Stabler's integrated ITC system.

3. Precision Solar Controls Inc. ("PSCI"), a wholly owned subsidiary of Stabler, is a corporation organized and existing under the laws of Texas and maintains its principal place of business at 2985 Market Street, Garland, Texas 75041. PSCI is involved in the design and manufacture of variable message boards used in Stabler's ITC system.

4. Protection Services Inc. ("PSI"), a wholly owned subsidiary of Stabler, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and maintains its principal place of business at 635 Lucknow Road, Harrisburg, Pennsylvania 17110-1635. PSI is involved in the marketing, sale, installation and maintenance of Stabler's ITC systems.

**JURISDICTION AND VENUE**

5. At least one of the Stabler et al. plaintiffs, ASTI Transportation Systems Inc. ("ASTI"), is a corporation of the State of Delaware and has a place of business at 18 Blevins Drive, New Castle, Delaware 19720.

6. On information and belief, The Scientex Corporation ("Scientex") is a corporation of the State of Delaware with a principal place of business at 4817B, Eisenhower Avenue, Alexandria, Virginia 22304.

7. Upon information and belief, Scientex is the assignee of U.S. Patent No. 6,064,318 ("the 318 Patent").

8. Upon information and belief, Scientex is engaged in the business of providing and selling portable traffic control systems throughout the United States.

9. This Court has subject matter jurisdiction of Plaintiff's claims against Scientex under 28 U.S.C. §1338(a) as those claims seek declaratory relief under 28 U.S.C. §§ 2201 and 2202 and affirmative relief under the patent laws of the United States, Title 35 of the United States Code.

10. Venue is proper in this district under 28 U.S.C. § 1391.

## STATEMENT OF FACTS

11. The '318 patent, which issued on May 16, 2000 from Application Serial No. 08/873,239, was filed on June 11, 1997.

12. The '318 patent was the subject of reexamination proceedings resulting in Scientex receiving Ex Parte Reexamination Certificate (5025th) U.S. 6,064,318 Cl. The '318 patent purports to claim a portable system for automatic data acquisition and processing of traffic information in real-time. Exhibit "A".

13. Plaintiffs have been selling their ITC Systems since 1994.

14. Starting on August 12, 2002, Scientex, through its counsel, began writing letters to Plaintiff, ASTI, advising ASTI that it should "take into consideration"

Scientex's intellectual property rights. In a letter dated December 9, 2002, prompted by ASTI's proposed response to a request for proposal (RFP) for a particular highway project, counsel indicated Scientex would "enforce their rights" if it was determined those rights were being infringed. Counsel for ASTI replied to such letters from Scientex, asserting that Plaintiffs' ITC devices do not infringe the '318 patent. Copies of the letter colloquy between counsel for the parties is attached as Exhibit "B."

15. By letter dated August 31, 2005, counsel for defendant, Scientex, wrote to counsel for ASTI and Stabler, this time accusing same of infringing the '318 patent, and overtly threatening legal action. Specifically, the letter states that it is the belief of Scientex that "ASTI alone or in combination with one or more other Stabler Companies has infringed the claims of the Scientex patent . . . ." The letter goes on to discuss Scientex's prior lawsuit against other parties to enforce its '318 patent, stating that the prior lawsuit had settled on terms under which the defendant paid "a substantial amount for past infringment" and licensed the patent for the future. The letter further states that Scientex has obtained an independent opinion from a Williams Mullen as to infringement of the Scientex patent by a third party. A copy of this letter is attached as Exhibit "C."

## FIRST COUNT
### (Declaratory Judgment - Non-infringement)

16. The allegations of paragraphs 1-15 above are incorporated herein by reference

17. As a result of the aforementioned letters, Plaintiffs have a reasonable fear and apprehension that patent infringement litigation will be brought against them. An actual justiciable controversy, therefore, exists between the parties.

18. This complaint is an action for the affirmative relief of a declaratory judgment under sections 28 U.S.C. §§ 2201 and 2202 to determine the present controversy.

19. Plaintiffs seek a declaration that they have not infringed, and are not infringing the '318 patent, either directly or contributorily, and have not and are not inducing infringement of the '318 patent.

20. Therefore, Plaintiffs seek a declaration that their ITC devices sold or offered for sale do not infringe any claims of the '318 patent.

## SECOND COUNT

### (Declaratory Judgment - Invalidity)

21. The allegations of paragraphs 1-20 above are incorporated herein by reference.

22. As a result of the aforementioned letters, Plaintiffs have a reasonable fear and apprehension that patent infringement litigation will be brought against them. An actual justiciable controversy therefore exists between the parties.

23. This complaint is an action for the affirmative relief of a declaratory judgment under sections 28 U.S.C. §§ 2201 and 2202 to determine the present controversy.

24. Specifically, Plaintiffs seek a declaration that the claims of the '318 patent are unenforceable, and invalid, and fail to meet the requirements of the patent laws of the United States, including the requirements of 35 U.S.C. §§ 102, 103 and 112.

25. The allegations of Defendant that Plaintiffs have infringed the '318 patent is frivolous and is an exceptional case within the meaning of 35 U.S.C. § 285 entitling Plaintiffs to an award of its attorney fees and costs of this litigation.

WHEREFORE, Plaintiffs demand entry of a Judgment providing:

1. That Scientex's U.S. Patent No. 6,064,318 is invalid, unenforceable and void in law;

2. That Scientex is without a right or authority to maintain or threaten legal action against the Plaintiffs or their customers, named or prospective, for alleged infringement of Scientex's U.S. Patent through the use of Plaintiffs' ITC system;

3. That Plaintiffs' ITC system and its use does not infringe any claim of the '318 Patent;

4. That this be declared an exceptional case pursuant to 35 U.S.C. § 285 and that the Court award Plaintiffs their reasonable attorney fees, expenses and costs in this action;

5. That Scientex and any of its corporations, subsidiaries, organizations, entities, agents, employees, attorneys and those persons privy to this notice are preliminarily and permanently enjoined from (a) maintaining, initiating or threatening infringement litigation against Plaintiffs or any of their customers, dealers, agents or employees, identified or prospective, regarding their manufacture, purchase or use of the Plaintiffs' ITC system, or (b) making statements that manufacture, purchase, or use of the ITC system infringes Scientex's U.S. Patents; and

6.  That Plaintiffs be granted such other relief as justice may require.

Respectfully submitted

Dated: September 19, 2005

Rex A. Donnelly
(D. Del. Bar No. 3492)
Marla L. Tocker
(D. Del. Bar No. 2827)
RatnerPrestia
Nemours Building
1007 Orange Street
suite 1100
Wilmington, DE 19803
(302)778-2500
Counsel for Plaintiffs